ROBERT L. BLAND, Judge.
The record of the claim involved herein was prepared by the state road commission and filed with the clerk on August 21, 1944. The claim is in the sum of $385.76. Paul Nichols, an equipment superintendent of the state road commission in district 6 had been called out for work at the district shop of Elm Grove at approximately 11 o’clock p. m. on June 22, 1944, and was returning to his home from his work at 1:20 o’clock a. m. on June 23, 1944. He was driving state road commission Chevrolet automobile No. 629-13. Having fallen asleep on the road the automobile which he was driving ran into a parked De Sota coupe automobile, owned by the claimant, Margaret Fahey, bearing West Virginia license no. 338-502 on state route no. 2, Wheeling avenue, Glendale, West Virginia. The estimated damage done to the state vehicle was $150.00, while it required $385.76 to repair claimant’s car as shown by an itemized statement made a part of the record. The payment of that sum to the claimant is recommended by Ray Cavendish, district engineer and by the county maintenance engineer. The head of the department concerned concurs in the claim. It is approved by an assistant attorney general as a claim which within the meaning of the court act should be paid by the state.
Section 17 of the court act provides a “shortened procedure” for the consideration of claims filed in this court against the state. This procedure, however, applies only to a claim possessing all of the following characteristics: (1) The claim does not arise under an appropriation for the current fiscal year; (2) The state agency concerned concurs in the claim; (3) The *379 amount claimed does not exceed one thousand dollars; (4) The claim has been approved by the attorney general as one that, in view of the provisions of this article, should be paid. All such claims are considered informally by the court upon records prepared and filed with the clerk by the heads of the state department involved. It does not necessarily follow that because a claim has been submitted to the court for consideration under the shortened procedure provision of the statute and concurred in by the head of the agency involved and approved by the attorney general that an award will be made. No provision is made by the statute for the recommendation of payment of such claims by subordinate officers of the state. It is only by the concurrence in the claim of the head of the department concerned and the approval provided by the statute to be given to the claim by the attorney general that such a claim may be so considered. The court is limited in its consideration of all such claims by the record prepared and filed by the head of the state department concerned. It is highly important that all such records should be full and complete in order that the court may determine the merits of claims from the facts appearing in the records and be justified and warranted in making awards upon the basis of such facts.
In the instant case the facts show that a state employee went to sleep while on duty and as a result of such indiccretion and irresponsibility a serious accident occurred on a public road of the state, causing damage to the state property of $150.00 and to the property of an innocent individual lawfully upon the highway to the extent of $385.76. He himself could be proceeded against for the enforcement of such liability and perhaps should be'in all fairness to the state. However if the road commission permits an irresponsible person to drive its motor vehicles upon a state highway either in daylight or at nighttime and an innocent person’s property is wrecked and damaged in consequence of his conduct, it would hardly be argued that the state should not make reparation.
An award is now made in favor of claimant Margaret Fahey for three hundred eighty-five dollars and seventy-six cents *380 ($385.76), the record of the case clearly showing that she is entitled to an appropriation for that amount.